UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DAVID CORCIA

              Plaintiff,                 **COMPLAINT FOR VIOLATIONS OF**
                                                                         **THE FAIR CREDIT REPORTING ACT**

      v.                                                        **JURY TRIAL DEMANDED**

BARCLAYS BANK DELAWARE;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOUTIONS, Inc.;
TRANS UNION, LLC

              Defendant.
-----------------------------------------------------X

Plaintiff, alleges upon information and belief as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1.      Plaintiff, David Corcia, brings this lawsuit against Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Barclays Bank Delaware ("Barclays") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      In 2015, Plaintiff was sued in the Supreme Court of the State of New York, County of Rockland for not paying his Barclays Bank card in the amount of $2,456.19

3.      On or about June 24, 2016, Plaintiff and Barclays agreed that the lawsuit would be settled pursuant to a new agreement which supplanted the old agreement. See Exhibit A.

4. In other words, the alleged prior agreement between Barclays and Plaintiff was no longer in affect because the new agreement superseded the original agreement.

5. The agreement was signed by both Plaintiff and an authorized representative of Barclays and filed with the Court.

6. The agreement states the action was settled upon specific terms.

7. David Corcia has made every single payment pursuant to the agreement.

8. Despite the agreement, and despite David Corcia's continuous and timely payments under that agreement, Barclays reported false information to the credit bureaus about the above described account.

9. Barclays reported falsely to Equifax, Trans Union and Experian that Plaintiff had a past due balance. This information is false because that statement did not at all take into account that the account had been settled pursuant to the Court agreement and there was no past due balance.

10. Plaintiff disputed the Barclays tradeline with Experian, Equifax and Trans Union.

11. Upon receipt of Plaintiff's dispute, Experian, Equifax and Trans Union forwarded the dispute they received from Plaintiff to Barclays.

12. The dispute letters explained why the Barclays account was false.

13. Experian, Equifax and Trans Union responded to Plaintiff's letters by confirming the false information and not addressing at all the core of Plaintiff's dispute.

14. Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

15. Plaintiff suffered monetary damages because of the cost of postage to the credit reporting agencies.

16. Plaintiff also suffered a loss of time dealing with his erroneous credit report.

17. Plaintiff was unable to apply for credit because his credit report contained false information which would negatively impact any credit application.

18. In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

19. This Court has jurisdiction under §15 USC 1681(p) (FCRA).

20. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

21. Defendant, "Barclays" is a banking entity.

22. Barclays is a "furnisher of information" as defined by the FCRA.

23. Experian is a corporation with offices in California.

24. Equifax is a corporation with offices in Atlanta, Georgia.

25. Trans Union is a corporation in Chicago, Illiois.

26. Experian, Trans Union and Equifax are each a "consumer reporting agency" as defined by the FCRA.

27. Plaintiff is a consumer as defined by the FCRA.

28. Plaintiff resides in Rockland County in New York.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST EXPERIAN AND EQUIFAX

29. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

30. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian, Trans Union and Equifax are required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more**

than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information

> **submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**
>
> **(5) Treatment of inaccurate or unverifiable information.**
>
> **(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

31. Experian, Trans Union and Equifax willfully or negligently violated 1681i.

32. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Experian and Equifax are required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

> **§ 1681e. Compliance procedures**
>
> **(b) Accuracy of report**
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

33. Experian, Trans Union and Equifax violated section 1681e of the FCRA willfully and/or negligently.

34. Experian, Trans Union and Equifax willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) failed to provide Barclays the

public record sent to them (c) failed to send Barclays the various letters that Plaintiff sent and (d) failed to correct plaintiff's credit report.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Experian, Trans Union and Equifax for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

**COUNT II – FCRA CLAIM AGAINST BARCLAYS**

.       Plaintiff incorporates all of the above paragraphs as though fully stated herein.

35.     Barclays violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Experian, Trans Union and Equifax contacted Barclays in response to plaintiff disputing the credit report and in providing false information as a result.

36.     Barclays continued to report and verify the false information on plaintiff's credit report even after plaintiff provided Barclays with a public record, which its own law firm drafted, which demonstrated the falsity of its reporting.

37.     Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**
**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

38.     Barclays failed to carry out its duties under 1681s-2(b).

39.     Barclays committed such violations willfully or negligently.

40.     Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Barclays for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury on all issues so triable.

DATED this 9th day of March 2017.

                              Respectfully submitted,

                              By: /s/ Shimshon Wexler
                              The Law Offices of Shimshon Wexler, PC
                              216 West 104th St., #129
                              New York, New York 10025
                              (212) 760-2400
                              (917) 512-6132 (FAX)
                              shimshonwexler@yahoo.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------X
BARCLAYS BANK DELAWARE,                    Index No.: 31427/15

                    Plaintiff,

        -against-
                                           SETTLEMENT STIPULATION
DAVID CORCIA,

                                           Account No.: D87C713138
                    Defendant.
---------------------------------------------------------X  Original Account number ending in: 2418

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff's attorneys and defendant(s) and/or defendant's attorney that:

   1.   Defendant acknowledges and/or waives receipt of the Summons and Formal Complaint, appears herein, consents to the jurisdiction of this Court and waives the timely filing of said Summons and Complaint, Affidavit of Service Acknowledgment and Settlement Stipulation.

   2.   Defendant hereby withdraws the answer and waives any and all offsets, defenses and/or counterclaims.

   3.   Pursuant to CPLR 8020(d), since it is the Defendant's obligation to file the within stipulation of settlement, it shall, however, be filed by the Plaintiff at the Defendant's request. The $35.00 mandatory filing fee shall be paid by the Defendant with his/her initial payment. The Defendant understands that this payment is in addition to his/her initial installment.

   4.   The action is settled upon the following terms and conditions:
$123.00 to be paid on or before the 22nd day of July, 2016; followed by consecutive minimum monthly payments of $123.00 to be paid on or before the 22nd day of each and every month thereafter, until the settlement amount of $1,475.00 is paid in full. **The Defendant will add $35.00 to the first payment so that the Plaintiff can file this stipulation.**

   5.   Payments are to be by check or money order made payable to "FORSTER & GARBUS LLP, as attorneys" and sent to them at P.O. Box 9030, Commack, New York 11725.

   6.   Should any payment not be received by the due date, or should any check sent in payment be returned by the bank for any reason whatsoever and the payment not be received within ten (10) days after written notification to defendant's attorney/defendant, plaintiff shall have the right to enter judgment without further notice for the full suit amount demanded in the complaint, together with costs and disbursements, less any payments made.

   7.   Upon full payment of the settlement sum, a stipulation of discontinuance of this action shall be filed with the Court. Pursuant to CPLR 8020(d), it is the Defendant's obligation to file the stipulation of discontinuance and pay the filing fee of $35.00.

   8.   "Whenever $600 or more of a debt is discharged as a result of entering into a settlement for less than the balance owed, that discharged debt may be considered taxable income. In those circumstances, Barclay's Bank Delaware may be required to report the amount of debt discharged to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you. If you are uncertain of the tax consequences, consult your tax advisor."

9. This stipulation is in the settlement of this action only and only against the defendant(s) signing this stipulation.

10. If the stipulation is not timely filed, Plaintiff and Defendant agree it shall be deemed filed nunc pro tunc as of the date of signature.

11. Facsimile signatures shall be deemed original for purposes of this settlement stipulation only.

12. Release of Claims: Defendant releases and discharges Barclays Bank Delaware and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioned's respective agents, employees, officers, directors, shareholders, attorneys (Forster & Garbus, LLP), collection agencies, credit reporting agencies and vendors (the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that he may have with respect to the credit card account that is the subject of this action, or any other matters between Defendant and Releasees, including without limitation, all claims that were asserted or could have been asserted in the this action as of the date of this settlement. Defendant further agrees that he will not file any claims, complaints, affidavits, arbitrations or proceedings with any regulatory or administrative agency with respect to the matters released in this settlement stipulation against any of the aforementioned, and any such claims, complaints, affidavits, arbitrations or proceedings filed prior to the execution of this settlement stipulation shall promptly be dismissed or withdrawn. This stipulation is intended to resolve forever the entire disagreement between Defendant and Releasees.

Dated: June 24, 2016

_____
David Corcia
Defendant


_____
Shimshon Wexler, Esq.
Attorney for Defendant
216 W. 104th Street #129
New York, New York 10025
(212) 760-2400

FORSTER & GARBUS LLP

By: _____
Edward J. Darnsky, Esq.
Attorneys for Plaintiff
60 Motor Parkway
P.O. Box 9030
Commack, NY 11725
(631) 393-9400

(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)