UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CORCIA,

   Plaintiff

   v.                                                    CASE NO. 7:17-cv-01751

BARCLAYS BANK DELAWARE, *et al.*,

   Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Barclays Bank Delaware ("Barclays"), by counsel and pursuant to the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses in response to the Complaint (ECF No. 1) filed by the Plaintiff, David Corcia ("Plaintiff").

1. The statements in Paragraph 1 are conclusions of law to which no response is required. To the extent any response is required, Barclays denies the allegations in Paragraph 1.

2. Barclays admits the allegations in Paragraph 2.

3. The allegations in Paragraph 3 concern a written agreement whose content speaks for itself and Barclays denies any allegations that are inconsistent with that content. Barclays denies any remaining allegations in Paragraph 3.

4. The statement in Paragraph 4 is a conclusion of law to which no response is required. To the extent a response is required, Barclays denies the allegations in Paragraph 4.

5. The allegations in Paragraph 5 concern a written document whose content speaks for itself and Barclays denies any allegations that are inconsistent with that content. Barclays denies any remaining allegations in Paragraph 5.

1

6. The allegations in Paragraph 6 concern a written document whose content speaks for itself and Barclays denies any allegations that are inconsistent with that content. Barclays denies any remaining allegations in Paragraph 6.

7. Barclays denies the allegation in Paragraph 7.

8. Barclays denies the allegation in Paragraph 8.

9. Barclays denies the allegations in Paragraph 9.

10. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, Barclays denies the allegations.

11. In response to Paragraph 11, Barclays admits only that it received communications from the consumer reporting agencies indicating that Plaintiff purported to dispute information being reported about his Account with Barclays.

12. The allegations in Paragraph 12 concern the contents of written communications which speak for themselves and Barclays denies any allegations that are inconsistent with their content. Barclays denies any remaining allegations in Paragraph 12.

13. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, Barclays denies the allegations.

14. To the extent Paragraph 14 is directed at Barclays, Barclays denies the allegations. To the extent Paragraph 14 is directed at parties other than Barclays, Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, Barclays denies the allegations.

15. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, Barclays denies the allegations.

16. To the extent Paragraph 16 is directed at Barclays, Barclays denies the allegations. To the extent Paragraph 16 is directed at parties other than Barclays, Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, Barclays denies the allegations.

17. To the extent Paragraph 17 is directed at Barclays, Barclays denies the allegations. To the extent Paragraph 17 is directed at parties other than Barclays, Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, Barclays denies the allegations.

18. The statements in Paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Barclays denies the allegations in Paragraph 18.

19. The statement in Paragraph 19 is a conclusion of law to which no response is required. To the extent a response is required, Barclays denies the allegations in Paragraph 19.

20. The statement in Paragraph 20 is a conclusion of law to which no response is required. To the extent a response is required, Barclays denies the allegations in Paragraph 20.

21. In response to Paragraph 21, Barclays admits only that Barclays Bank Delaware is a bank chartered under the laws of the State of Delaware. Barclays denies any remaining allegations in Paragraph 21.

22. In response to Paragraph 22, Barclays admits only that it furnishes information to the consumer reporting agencies in accordance with the FCRA. Barclays denies any remaining allegations in Paragraph 22.

23. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, Barclays denies the allegations.

24. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, Barclays denies the allegations.

25. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, Barclays denies the allegations.

26. The statement in Paragraph 26 is a conclusion of law to which no response is required. To the extent a response is required, Barclays lacks sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 26 and, therefore, Barclays denies the allegations.

27. The statement in Paragraph 27 is a conclusion of law to which no response is required. To the extent a response is required, Barclays lacks sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 27 and, therefore, Barclays denies the allegations.

28. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, Barclays denies the allegations.

29. In response to Paragraph 29, Barclays restates its responses to the preceding paragraphs as if fully set forth below.

30. The statements in Paragraph 30, including the subparts thereof, are directed at parties other than Barclays and are conclusions of law. Therefore, no response of Barclays is required. To the extent a response is required, Barclays lacks sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 30 and, therefore, Barclays denies the allegations.

31. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, Barclays denies the allegations.

32. The statements in Paragraph 32 are directed at parties other than Barclays and are conclusions of law. Therefore, no response of Barclays is required. To the extent a response is required, Barclays lacks sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 32 and, therefore, Barclays denies the allegations.

33. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, Barclays denies the allegations.

34. Barclays lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, Barclays denies the allegations. In response to the "Wherefore" clause following Paragraph 34, Barclays denies that Plaintiff is entitled to relief from Barclays under any theory.

35. Barclays denies the allegations in Paragraph 35.

36. Barclays denies the allegations in Paragraph 36.

37. The statements in Paragraph 37 are conclusions of law to which no response is required; to the extent any response is required, Barclays denies the allegations in Paragraph 37.

38. Barclays denies the allegations in Paragraph 38.

39. Barclays denies the allegations in Paragraph 39.

40. Barclays denies the allegations in Paragraph 40. In response to the "Wherefore" clause following Paragraph 40, Barclays denies that Plaintiff is entitled to relief from Barclays under any theory.

41. Barclays denies all allegations in the Complaint except those expressly admitted in the preceding paragraphs.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted as to Barclays.

2. To the extent that Plaintiff may have suffered any damages as alleged in the Complaint, which Barclays denies, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons other than Barclays, over whom Barclays had no control, and for whose conduct Barclays is not responsible, which bars or diminishes any recovery by Plaintiff against Barclays.

3. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

4. Plaintiff's claims are subject to valid, enforceable and mandatory arbitration agreement requiring arbitration of Plaintiff's claims.

5. Barclays reserves the right to assert additional affirmative defenses as may become known or available to it.

WHEREFORE, Defendant Barclays Bank requests that the Court enter judgment in its favor and decline to grant to Plaintiff any of the relief that she has requested.

DATED: April 27, 2017

Respectfully submitted,

BARCLAYS BANK DELAWARE

By: /s/ *Nana Japaridze*
Nana Japaridze, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
njaparidze@reedsmith.com

*Attorneys for Defendant*
*Barclays Bank Delaware*