UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/2017
```

DAVID CORCIA,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; and TRANS UNION, LLC,

    Defendants.

Case No.: 7:17-cv-1751
ECF Case

## STIPULATED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED by and between plaintiff, David Corcia, and defendants, Experian Information Solutions, Inc. ("Experian") and Barclays Bank Delaware ("Barclays"), through their respective attorneys of record, as follows:

    WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

    THEREFORE, an Order protecting such confidential information shall be and hereby is entered by this Court on the following terms:

    1.    this Protective Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action and which are designated to be subject to this Protective Order in accord with the terms hereof;

    2.    any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this

Protective Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential;"

3. if a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only;"

4. to the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the Clerk of the Court under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record;

5. all documents, transcripts, or other materials subject to this Protective Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Protective Order;

6. except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Protective Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) the Court and its

officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation;

7. except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Protective Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys Eyes Only" hereunder) may not be disclosed other than in accord with the provisions of this Protective Order, and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information;

8. documents produced pursuant to this Protective Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Protective Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance;

9. all persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript;

10. nothing in this Protective Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only";

11. this Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action;

12. within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Protective Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party;

13. in the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—

Attorneys' Eyes Only" subject to the provisions of this Protective Order;

14. nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Protective Order;

15. the Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

Dated: July 17, 2017                    Respectfully submitted,

                                        /s/ R. Harrison Golden
                                        R. Harrison Golden
                                        JONES DAY
                                        250 Vesey Street
                                        New York, NY 10281
                                        Telephone: (212) 326-3939
                                        Fax: (212) 755-7306
                                        Email: hgolden@jonesday.com

                                        *Counsel for Defendant Experian*

Dated: July 17, 2017                    Respectfully submitted,

                                        /s/ Nana Japaridze
                                        Nana Japaridze
                                        Reed Smith LLP (NYC)
                                        599 Lexington Avenue
                                        New York, NY 10022
                                        (212) 549-0282
                                        njaparidze@reedsmith.com

                                        *Counsel for Defendant*
                                        *Barclays Bank Delaware*

Dated: July 17, 2017                    Respectfully submitted,

                                        /s/ Shimshon Wexler
                                        Shimshon Wexler, Esq.
                                        The Law Offices of Shimshon Wexler PC
                                        216 West 104th Street #129
                                        New York, NY 10025
                                        (212) 760-2400
                                        Email: shimshonwexler@yahoo.com

                                        *Counsel for Plaintiff*

IT IS SO ORDERED.
Dated: July 18, 2017

                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____.
4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.
5. I have carefully read and understand the provisions of this Stipulated Protective Order.
6. I will comply with all provisions of this Stipulated Protective Order.
7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.
8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.
9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.
10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON



# Facsimile Transmission

250 Vesey Street • New York, New York 10281.1047 • +1.212.326.3939
Facsimile: +1.212.755.7306
hgolden@jonesday.com

July 18, 2017

Please hand deliver the following facsimile to:

| | |
|---|---|
| Name: **Judge Nelson S. Roman** | Facsimile No.: **(914) 390-4179** |
| Company: **United States District Judge** | Number of pages (including this page): 9 |
| Telephone No.: | From: **R. Harrison Golden** |
| Send Copies To: | Direct Telephone No.: **(212) 326-3727** |
| | JP No.: **JP016297** |
| ☐ **Copies distributed** _____ Operator's Initials | CAM No.: **026123-030315** |

Re:

**NOTICE:** This communication is intended to be confidential to the person to whom it is addressed, and it is subject to copyright protection. If you are not the intended recipient or the agent of the intended recipient or if you are unable to deliver this communication to the intended recipient, please do not read, copy or use this communication or show it to any other person, but notify the sender immediately by telephone at the direct telephone number noted above.

**Message:**

Please call immediately if the facsimile you receive is incomplete or illegible.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON