*The Law Offices of Shimshon Wexler, PC*
*315 W Ponce de Leon Ave. Ste 250*
*Decatur, GA 30030*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

September 5, 2017

Via CM/ECF

Hon. Paul E Davison, USMJ
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Corcia v Barclays Bank Delaware et al.
      Case No. 7:17-cv-01751-NSR-PED

Dear Judge Davison,

     I am constrained to write this letter requesting an informal conference with the Court related to a discovery issue. This letter is being written pursuant to Your Honor's individual rules and Local Rule 37.2. I request that the Court extend the deadline to complete non-expert depositions from September 22, 2017 to November 22, 2017. Plaintiff also requests that he be allowed to take another 30(b)(6) deposition of Barclays Bank for 2 hours in addition to the one that he had previously taken in Wilmington, Delaware on August 24, 2017. The Defendants oppose this request.

     While the knowledge of the 30(b)(6) witness identified by Experian was very expansive on all topics she was required to testify about including the topics that Your Honor included, the same cannot be said of the 30(b)(6) witness of Barclays Bank. The deposition transcript has not yet been sent and therefore the following is from my notes taken at the deposition as well as my memory. A copy

of the notice of deposition is attached and it certainly encompassed the topics noted below upon which the witness did not provide testimony.

The deposition of Barclays Bank was impeded by its lawyer who made constant objections. While he did not direct the witness not to answer any of the questions, he did direct her with an equivalent instruction, specifically, to only testify if she has personal knowledge of the information asked- of course, the very idea of a 30(b)(6) witness is for the witness to be able to testify about matters upon which s/he does not have personal knowledge so that a deposition does not need to be taken of each person of the company who has personal knowledge of a specific topic relevant to the case. ("The persons designated must testify about information known or reasonably available to the organization." FRCP 30(b)(6)) His objections also included that the question was beyond the scope of the deposition when they were not. I believe that the witness also intentionally provided answers not responsive to the question being asked.

The witness did not answer questions related to whether Barclays had an agreement with Forster &Garbus (the collection law firm which entered into the settlement agreement with plaintiff that is the subject of this case). The witness was unable to testify as to whether Barclays had communicated with Forster & Garbus as a result of plaintiff's credit report disputes. Indeed, the witness did not even know how Forster & Garbus came to sue plaintiff on Barclays Bank's behalf. The witness had never heard of Forster & Garbus before the deposition.

The witness managed the credit bureau disputes team for Barclays which contained 13 people and processed approximately 250,000 to 350,000 disputes per year. However, she was unable to answer questions related or regarding the credit bureau reporting team of Barclays Bank. The witness did not answer questions or offered contradictory testimony as to whether Barclays is able to report a renegotiated or modified account. The witness did not answer or offered contradictory testimony as to whether Barclays was able to report a loan modification or an account that is enrolled in a settlement agreement.

Only after a complete review of the deposition transcript will plaintiff be able to ascertain the scope of the inability of the witness to testify to topics which she was required to. Plaintiff may also wish to identify individuals to testify about certain topics whose identity is currently unknown.

Plaintiff thus requests that he be allowed an additional 30(b)(6) deposition of Barclays and agrees to limit the deposition to 2 hours. Plaintiff also requests that

the non-expert deposition deadline be extended from September 22, 2017 (Doc. 38, paragraph 7) to November 22, 2017.  All other deadlines will remain in affect including the January 19, 2018 deadline to complete fact discovery. Rule 16(b)(4) governs whether a scheduling order may be modified. "For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.... the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion." *Mendez v. Barlow,* 2008 WL 2039499, *2 (W.D.N.Y.2008)   Plaintiff was diligent in scheduling and taking the deposition of Barclays Bank. As soon as Barclays offered a deposition date Plaintiff did the deposition that day even though it was a month and a half after he had first requested it. Further, the Defendants will not be prejudiced by this extension because the fact discovery deadline will remain the same.

     I thank the Court for its attention to this matter.


                                             Yours Truly,
                                             /s Shimshon Wexler

Cc: via cm/ecf- All Counsel of record