*The Law Offices of Shimshon Wexler, PC*
*315 W Ponce de Leon Ave. Ste 250*
*Decatur, GA 30030*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

October 17, 2017

<u>Via  CM/ECF</u>
Hon. Paul E Davison, USMJ
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Corcia v Barclays Bank Delaware et al.
       Case No. <u>7:17-cv-01751-NSR-PED</u>

Dear Judge Davison,

      I am constrained to write this letter requesting an informal conference with the Court related to a discovery issue. This letter is being written pursuant to Your Honor's individual rules and Local Rule 37.2. Plaintiff requests that he be allowed to take another 30(b)(6) deposition of Barclays Bank for 4 hours in addition to the one that he had previously taken in Wilmington, Delaware on August 24, 2017. The Defendants oppose this request.

      While the knowledge of the 30(b)(6) witness identified by Experian was very expansive on all topics she was required to testify about including the topics that Your Honor included, the same cannot be said of the 30(b)(6) witness of Barclays Bank who gave evasive and incomplete answers. The 30(b)(6) witness was assisted in impeding the deposition by her attorney Justin Sizemore who made a mockery of the deposition with certain comments, made speaking objections and even advised his client to answer only if she had a personal opinion on the topic. At the time Mr. Sizemore defended the deposition he was not yet admitted pro hac vice even though he indicated on an email as far back as April 3, 2017 that he was representing Barclays in this action.

A copy of the notice of deposition is attached as well as email exchanges leading up to the notice of deposition. Barclays objections which were emailed one day prior to the deposition topics are also attached.  I also attach the deposition transcript.

On page 7 lines 8-16, Mr. Sizemore coaches the witness regarding her testimony that she reviewed a deposition. On page 9 lines 9 and 10, Mr. Sizemore coaches the witness that she reviewed hundreds of documents even though on page 10 line 8 she admits that she only looked at several documents.

When first asked about whether she had heard of Forster & Garbus-- the collection law firm which entered into the settlement agreement with plaintiff that is the subject of this case—the witness responded that she had. See pg. 12. However, after a question regarding the relationship between Barclays and Forster & Garbus, Mr. Sizemore instructed the witness only to answer if she had a "personal opinion" the witness failed and refused to give any more information regarding Barclays interactions with Forster & Garbus or anything about the agreement they may have had even though Exhibit A to the complaint which is at the center of the case was signed by Barclays' agent Forster & Garbus. See pgs. 12-17 and pgs 37-42.

On page 23 lines 3-8, Mr. Sizemore objects that questions regarding a document that Barclays produced are beyond the scope of the deposition even though the notice specifically included documents produced by Barclays. On page 30 line 17-19, I ask a simple question and the witness gives evasive answers and fails to provide a proper answer and her attorney keeps stating asked and answered until page 34 line 17. On page 36 lines 11-25 the witness feigns ignorance to the central question of the case as to how much money is owed after the settlement agreement was entered into assisted by Mr. Sizemore's objection on pag 36 line 9 that the phrase "entered into" is vague.

On page 44 beginning on line 17 the witness doesn't answer when Barclays became aware of the agreement (the settlement stipulation attached as exhibit A to the complaint) rather she continues to answer that "the date of the document is June 24, 2016" (pg. 47 line 16) and her lawyer pretends that this is a valid answer to the question. The question was not what date the document was dated rather the question was when did Barclays become aware of the agreement entered into by Forster & Garbus and Plaintiff. On page 51 line 12 the witness again feigns ignorance of a simple question whether Barclays could have sued Plaintiff for more than $1,475 after he entered into the settlement stipulation and fails to answer it. Mr. Sizemore objects vague as to "entered into" on page 51 line 20 and the witness then immediately says "Can you explain more about "entered into"?".

The rest of the deposition is replete with similar examples of the witness not answering questions, giving evasive answers to questions and stating what a document says in response to questions about the document. Perhaps the height of Mr. Sizemore's

mockery of the deposition is when on page 57 line 6 he states "The witness can answer whether it's day or night" even though beginning on page 54 line 24 I was asking the witness a question about the balance on the account after the settlement stipulation was entered into and the witness responded rather evasively that the balance "could be a larger amount" "if the terms of the settlement is not completed" to which I followed up with a question regarding whether that was reality or not explaining that it could be night outside but in reality it is day- so I was asking the witness about the reality of the status of the account.

FRCP 37(a)(4) states that evasive or incomplete answers and disclosures must be treated as a failure to answer or respond. FRCP 30(d)(1) states that "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Consistent with the above, Plaintiff respectfully requests that he be allowed an additional 4 hours to depose Barclays's 30(b)(6) witness.

FRCP 30(d) (2) states "*Sanction.* The court may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Consistent with the FRCP 30(d)(2) Plaintiff requests an appropriate sanction against Barclays and its counsel consisting of all expenses associated with travelling to the deposition, 8.5 hours of attorney's time as well as the cost of the deposition transcript.

I thank the Court for its attention to this matter.

    Yours Truly,
    /s Shimshon Wexler

Cc: via cm/ecf- All Counsel of record