**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
DAVID CORCIA

              Plaintiff,                   Case No. 7:17-cv-01751-NSR

v.

BARCLAYS BANK DELAWARE;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION, LLC,

              Defendants.
---------------------------------------------------------x

**OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT BARCLAYS BANK DELAWARE'S DESIGNATED WITNESS OR WITNESSES PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Barclays Bank Delaware ("Barclays"), by counsel, states as follows for its Objections to Plaintiff's Amended Notice of Taking Deposition of Defendant Barclays Bank Delaware:

**GENERAL OBJECTIONS**

1.     Barclays objects to all of the topics designated to the extent that they purport to impose obligations greater than required by the applicable Federal Rules, Local Rules, Pre-trial Orders or agreement of counsel.

2.     Barclays objects to all the topics designated to the extent that they seek information and/or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3.     Barclays objects to all of the topics designated to the extent that they seek information protected from disclosure by the attorney/client privilege, the work-product doctrine, the privilege and/or doctrine protecting matters prepared in

1

anticipation/preparation of litigation and/or trial and/or any other applicable privilege or protection.

4. Barclays objects to all the topics designated that may result in the disclosure of confidential business, proprietary or trade secret information, or personal information concerning persons who are not parties to this litigation, without designation subject to the protective order entered in this case.

5. Barclays objects to the topics designated to the extent they seek disclosure of the mental impressions of counsel.

6. Barclays objects to all the topics designated to the extent that the topics are not sufficiently detailed to enable Barclays to determine the intended areas of inquiry.

7. Barclays objects to the new topics served only five days prior to a previously scheduled deposition and after counsel had met and conferred about the original topics on which Plaintiff is seeking Barclays' testimony.

## SPECIFIC OBJECTIONS

Without waiver of, and in addition to the foregoing General Objections, Synchrony specifically objects to the topics designated as follows:

1. Your Answer and Affirmative Defenses to the Complaint in this action.

2. All documents identified in your Rule 26(a)(1) initial disclosures.

**OBJECTIONS:** Barclays objects to Topic No. 2 to the extent that it purports to require a corporate representative of Barclays to testify about documents that were created and/or produced by parties other than Barclays. Subject to and without waiving this objection, Barclays will prepare a witness to testify about documents produced by Barclays in this action.

3. Your responses and objections to any interrogatories proffered to you in this action.

**OBJECTIONS:** Barclays objects to Topic No. 3 to the extent it purports to require a Barclays corporate representative to testify about the legal sufficiency of Barclays' objections to Plaintiff's discovery requests. Subject to and without waiving the foregoing objections, Barclays will prepare a witness to testify about Barclays' responses to Plaintiff's Interrogatories in this case.

4. Your responses and objections to any requests for production of documents proffered to you in this action, including a review of any documents produced by any party to this action.

**OBJECTIONS:** Barclays objects to Topic No. 4 as vague and ambiguous to the point of being incomprehensible. Barclays objects to the Topic to the extent it purports to require Barclays to prepare a witness to testify about documents produced by any party other than Barclays. Barclays further objects to the topic as impermissibly calling for legal conclusions to the extent it purports to require a Barclays corporate representative to testify about the legal sufficiency of Barclays' objections to Plaintiff's discovery requests. Subject to and without waiving these objections, Barclays will prepare a representative to testify about the documents produced by Barclays in this case.

5. Your policies and procedures relating to your duties and obligations under the Fair Credit Reporting Act.

**OBJECTIONS:** Barclays objects to Topic No. 5 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and because it is disproportionate to the needs of the case. The only issues in this

3

case are whether Barclays complied with the requirements of the FCRA and, if it did not, whether Plaintiff can prove that such noncompliance caused him to suffer actual damages. It is immaterial whether Barclays complied with its own "policies and procedures" under the Fair Credit Reporting Act. Barclays further objects to the topic to the extent it requires a Barclays representative to testify about policies and/or procedures which Barclays timely objected to producing based upon objections which Plaintiff did not timely challenge. Subject to and without waiving this objection, Barclays will prepare a witness to testify about the policies which Barclays has produced in this case as BARCLAYS000160-BARCLAYS000161.

6. All activities, acts, and omissions performed by you pursuant to the Fair Credit Reporting Act relating to the Plaintiff in this action.

**OBJECTIONS:** Barclays objects to Topic No. 6 as vague and ambiguous to the point of being incomprehensible. Subject to and without waiving this objection, Barclays will prepare a witness to testify Barclays' actions in responding to the automated consumer dispute verification ("ACDV") forms which Barclays received in this case (and which have previously been produced).

   /s/ Justin M. Sizemore
Justin M. Sizemore (VSB #71859)
*Pro hac vice admission pending*
Reed Smith LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3493
Facsimile: (804) 344-3410
jsizemore@reedsmith.com

*-and-*

4

Nana Japaridze, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
njaparidze@reedsmith.com

*Attorneys for Defendant*
*Barclays Bank Delaware*

**CERTIFICATE OF SERVICE**

      I, Justin M. Sizemore, certify that on August 23, 2017, I caused the foregoing was served by email and /or first class mail upon the following:

> Shimshon Wexler, Esq.
> The Law Offices of Shimshon Wexler, PC
> 216 West 104th St., #129
> New York, New York 10025
> shimshonwexler@yahoo.com

By: */s/ Justin M. Sizemore*_____
Justin M. Sizemore
