# ReedSmith

Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Tel +1 804 344 3400
Fax +1 804 344 3410
reedsmith.com

Justin M. Sizemore
Direct Phone: +1 804 344 3493
Email: jsizemore@reedsmith.com

October 25, 2017

**VIA CM/ECF**

The Honorable Paul E. Davison, USMJ
United States District Court for the Southern
District of New York
300 Quarropas Street
White Plains, NY 10601

*Corcia v. Barclays Bank Delaware, et al.*, No. 7:17-cv-1751-NSR-PED

Dear Judge Davison:

This letter is sent on behalf of Defendant Barclays Bank Delaware ("Barclays") in response to the October 17, 2017 letter motion (the "Letter Motion," ECF No. 56) of Plaintiff David Corcia ("Corcia" or "Plaintiff") and pursuant to the Court's Order of October 18, 2017 (ECF No. 57). The Court should deny the Letter Motion. First, Plaintiff waived the objections by closing the deposition, telling the Court that there were no issues, and then waiting well over a month after obtaining the transcript. Additionally, Corcia ***does not identify a single question*** within the scope of his topics that Barclays' corporate representative failed to answer. So, Corcia waived any basis for relief, but also none existed.

## Background

Plaintiff's counsel, Mr. Wexler, deposed Barclays' corporate representative on August 24, 2017 pursuant to a notice served on August 17, 2017. He contacted the Court during the deposition to seek guidance on his contentions that Barclays' witness was not answering his questions, but later confirmed to the Court that intervention was unnecessary. At the conclusion of the deposition, Mr. Wexler closed it. *See* Transcript of Aug. 24, 2017 Deposition of Lauren DeCusatis ("DeCusatis Dep. Tr." Letter Motion Ex. 1 [ECF No. 56-1]) at 178:5-6 ("OK. That's all I have.").

On September 5, 2017, Mr. Wexler filed a letter motion (the "September 5 Motion," ECF No. 52) contending that Barclays' witness "did not provide testimony" in response to questions "encompassed [in] the topics" of the deposition (ECF No. 52-1). The September 5 Motion acknowledged that he had not reviewed the deposition transcript and it (accurately) contained no representation of an attempt to meet and confer with Barclays. On September 6, the Court denied that motion without prejudice, directing counsel to "obtain a copy of the deposition transcript" and "confer concerning plaintiff's requests to the extent they have not already done so."

(ECF No. 54) On September 6, 2017, the parties received the transcript. On September 11, 2017, counsel conducted a two-hour telephone conference concerning Mr. Wexler's concerns with the deposition. At the end Mr. Wexler conceded that Barclays' corporate representative had answered all

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-137033586.1-JMSIZEMO 10/25/2017 9:37 AM

The Honorable Paul E. Davison, USMJ
October 25, 2017
Page 2

**ReedSmith**

questions within the scope of the deposition topics. Appropriately, he did not file a letter motion at that time. Inappropriately, on October 17, 2017—36 days later—he untimely filed the Letter Motion.

### Corcia Waived Any Objections He Might Have Had Related to the Deposition of Barclays.

Under the Court's standing order governing discovery disputes, a party "claiming an insufficient response to a discovery request" has three business days from the date the dispute arises to attempt an amicable resolution of the dispute," and then five business days "to bring the issue to the attention of the court" in a two page letter. *See* ECF No. 39. The standing order further states, "The time limitations set forth herein and in scheduling orders made by the court are to be strictly observed…"

The three-page Letter Motion was filed 41 days after receipt of the transcript and 36 days after the parties' resolved every issue that Mr. Wexler had identified. This is well beyond the time required under the standing order.[1] Accordingly, Barclays requests that the Court deny any relief requested in the Letter Motion.

### Corcia Does Not Identify Questions within the Scope of the Topics that Were Not Answered.

The Letter Motion accuses Barclays' counsel[2] of "coaching" the witness to answer a question as to whether she had reviewed a "deposition" in preparation for her testimony. The witness' answer makes clear that she had not reviewed a deposition. *See* DeCusatis Dep. Tr. 7:25-8:6. The Letter Motion next complains about the following exchange:

> Q. Okay. Approximately how many documents did you look at yesterday?
> A. There were several documents that I looked at yesterday.
> Q. Okay.
> A. I don't have the exact number.
> Q. Okay. Have you given a deposition before?

DeCusatis Dep. Tr. at 10:6-15. The witness answered the question about how many documents she had reviewed ("several"). Mr. Wexler could have asked follow-up questions, but elected not to do so.

The Letter Motion maintains that the witness "refused to give any more information regarding Barclays' interactions with Forster & Garbus," the law firm which represented Barclays in a collection lawsuit against Corcia. Letter Motion at 2. The Letter Motion does not identify any questions that the witness did not answer. Questions about Barclays' "interactions" with Forster & Garbus were not a topic of the deposition. *See* Letter Motion Ex. 3. Moreover, Barclays responded to a subsequent interrogatory concerning communications with Forster & Garbus relevant to Plaintiff's claims. *See* Barclays Responses to Plaintiff's Second Set of Discovery Requests (attached hereto as Exhibit 1).

The Letter Motion contends that counsel for Barclays "object[ed] that questions regarding a document that Barclays produced are beyond the scope of the deposition even though the notice specifically

---

[1] Before filing this response Barclays requested that Corcia withdraw the untimely Letter Motion. Corcia's counsel declined.
[2] Barclays filed its unopposed *pro hac* motion on August 22, 2017 and the Court granted the Motion on August 31, the day after the deposition. *See* ECF Nos. 45, 50.

The Honorable Paul E. Davison, USMJ
October 25, 2017
Page 3

**ReedSmith**

included documents produced by Barclays." Letter Motion at 2. However, the transcript reveals that the question was a hypothetical, not a question concerning any document produced by Barclays. Significantly, the Letter Motion identifies no question that the witness did not answer on that objection.

Next, the Letter Motion claims that the witness did not answer the following question: "Is that a true statement that a $1,476 payment posted to Mr. Corcia's account on June 16, 2017?" Letter Motion at 2 (citing DeCusatis Dep. Tr. 30:17-19). While it appears there was some confusion, the Letter Motion concedes that the witness answered. *See id.* at 34:17 ("No.").

The Letter Motion urges that the witness "feign[ed] ignorance" about the question, "And my question is: Whether -- after this settlement stipulation was entered into, how much money did my client owe?" Letter Motion at 2 (citing DeCusatis Dep. Tr. at 36:11-25). The Letter Motion ignores the fact that the witness repeatedly answered the question. *See* DeCusatis Dep. Tr. at 42:15-19 ("Based off of Number 4 [the Settlement Stipulation] it states the agreement was entered into, Mr. Corcia paying $123 staring July 2016 until they have met the settlement amount of $1,475."); *id.* 57:11-18 ("Q. Okay. So would you say right now he owes -- before the first payment was made, before the first payment was due, my client [owes] $1,475? A. $1,475 is the settlement amount agreement, but since the payment was not applied to the account, the full balance would be owed."); *id.* at 58:8-15 ("Q. So my question is: What's the balance until $1,475 is paid in full? A. It would be the balance on the account minus the payments that were applied. Q. And that's because the 1,475 has not been paid in full? A. Correct.").

The Letter Motion urges that the witness did not answer "when Barclays became aware of the… settlement stipulation attached as exhibit A to the complaint." Letter Motion at 2. This is untrue. *See* DeCusatis Dep. Tr. 44:17-20 ("Q. When did Barclays Bank become aware of this agreement? A. The date on the document: June 24, 2016.").

The Letter Motion next accuses the witness of "feign[ing]" ignorance to the following question: "After this settlement stipulation was entered into, could Barclays Bank Delaware have sued my client for more than $1,475?" DeCusatis Dep. Tr. at 51:12-15. Again, the witness answered. *See id.* at 52:11-19 ("So based off of Number 6 [the Settlement Stipulation] stating that if there were payments were [defaulted] or returned, not received… within the appropriate amount, the due date, the plaintiff [Barclays] would have the right to get the remaining balance that is owed on the account minus the payments that were made.").

Finally, the Letter Motion accuses Barclays' counsel of making a "mockery" of the deposition by telling the witness she could answer Mr. Wexler's apparently sarcastic question about whether it was day or night. *See* 56:23-57:9. Mr. Wexler's demeanor and mistreatment of the witness were the only problem in this deposition. *See* DeCusatis Dep. Tr. at 179:4-180:6 (describing Mr. Wexler's conduct in the deposition as loud, erratic, agitated, and to include standing up while asking questions).

For all the reasons identified herein, including that Plaintiff waived the right to seek relief concerning the deposition based on the Court's standing order and delay in filing the Letter Motion, but also based on Plaintiff's failure to identify any unanswered questions, Barclays requests that the Court deny the Letter Motion and grant Barclays such further relief as the Court deems just and proper.

The Honorable Paul E. Davison, USMJ
October 25, 2017
Page 4

ReedSmith

Very truly yours,

Justin M. Sizemore

JMS:sdc